WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Lexington Insurance Company, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Scott Homes Multifamily, Inc., an Arizona corporation; and Silverbell 290 Limited Partnership, an Arizona Limited Partnership,<br><br>Defendants. | No. CV-12-02119-PHX-JAT<br><br>**ORDER** |

Defendant Scott Homes Multifamily, Inc. ("Scott") moves for reconsideration of the Court's Order denying its motion to dismiss (Doc. 50).[1]

Scott's Motion for Reconsideration is not well-taken for several reasons. First, in moving for reconsideration, Scott fails to cite the proper standard for reconsideration[2] or to otherwise analyze the proper standard for reconsideration as applied to the facts of this case. Second, Scott has used its Motion for Reconsideration as an opportunity to reargue

---

[1] Although Scott requested oral argument on it motion, oral argument would not aid the Court's decisional process. Accordingly, the Scott's request for oral argument is denied. *See Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *Lake at Las Vegas Investors Group, Inc. v. Pac. Dev. Malibu Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

[2] *See Motorola Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 582–583 (D. Ariz. 2003) (setting forth standard for reconsideration of non-appealable interlocutory orders).

the arguments it made in its motion to dismiss. This is inappropriate. *See, e.g.*, *Motorola*, 215 F.R.D. at 586 ("No motion for reconsideration shall repeat in any manner any oral or written argument made in support of or in opposition to the original motion."); LRCiv 7.2(g)(1) (same).

Third, Scott's purported basis for reconsideration ignores the reasoning of the Court's Order denying Scott's Motion to Dismiss. Scott argues that the Court was required to accept Plaintiff Lexington's allegations as true and, because the Court refused to accept those allegations as true, the Court wrongly decided the Motion to Dismiss. In fact, the Court found that Scott was a necessary party to this litigation pursuant to Federal Rule of Civil Procedure 19 because its rights could be adversely affected by this litigation in a practical sense. The Court based this finding on the fact that Plaintiff Lexington *alleged* that (1) Scott assigned its rights under the policy without Lexington's consent; (2) Scott "materially breached its duty to cooperate with Lexington," and (3) the Stipulated Judgment between Scott and Silverbell was unreasonable and the result of collusion. (Doc. 49 at 8-9).

Fourth, in moving for reconsideration, Scott has failed to cite to any authority suggesting that this Court improperly applied its Rule 19 analysis.

Fifth, Scott's conclusion that "this Court was wrong to say that Scott cannot be dismissed from this lawsuit" is not a proper basis for a motion for reconsideration. *See, e.g.*, *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983) (stating that it is improper for a party to use a "motion to reconsider to ask the Court to rethink what the Court had already thought through—rightly or wrongly.").

Finally, the Court does not agree with Scott's unsupported legal conclusions that it will only be benefited by the Court's rulings in this matter. It appears that Scott may be engaging in some type of gamesmanship to avoid the res judicata effect of this Court's orders. This type of gamesmanship is what Rule 19 is, in part, trying to prevent and will not be tolerated by this Court.

In sum, in its Motion for Reconsideration, Scott made no attempt to meet any

1 applicable standard for reconsideration and provided no appropriate grounds for such
2 reconsideration.

3     Based on the foregoing,

4     **IT IS ORDERED** that Defendant Scott's Motion to Reconsider Motion to
5 Dismiss (Doc. 50) is denied.

6     Dated this 24th day of June, 2013.

James A. Teilborg
Senior United States District Judge