WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lexington Insurance Company, a Delaware Corporation,<br><br>     Plaintiff,<br><br>v.<br><br>Scott Homes Multifamily, Inc., an Arizona corporation; and Silverbell 290 Limited Partnership, an Arizona Limited Partnership,<br><br>     Defendants.<br>_____<br><br>Silverbell 290 Limited Partnership, an Arizona Limited Partnership, individually and as the assignee of Defendant Scott Homes Multifamily, Inc.,<br><br>     Counterclaimants,<br><br>v.<br><br>Lexington Insurance Company, a Delaware corporation,<br><br>     Counterdefendant. | No. CV-12-02119-PHX-JAT<br><br>**ORDER** |

   Pending before the Court is Defendant/Counterclaimant Silverbell 290 Limited Partnership's Notice of Motion and Rule 56(d) Motion to Continue Lexington Insurance Company's Motion for Summary Judgment (Doc. 58). The Court now rules on the Motion.

## I. BACKGROUND

On October 8, 2012, Plaintiff filed a complaint against Defendants. (Doc. 1). On October 31, 2012, Defendant Silverbell filed counterclaims against Plaintiff. (Doc. 10). On February 19, 2013, this Court held a Rule 16 Scheduling Conference and set the discovery deadline as February 7, 2014 and the dispositive motion deadline as April 18, 2014. (Doc. 40). On June 17, 2013, Plaintiff filed a Motion for Summary Judgment. In its Motion for Summary Judgment, Plaintiff argues that its excess insurance policy (the "excess policy") has not been triggered in this lawsuit because the excess policy requires that all primary insurance be exhausted before excess coverage is available. Plaintiff argues that summary judgment is appropriate because: (1) the Evanston Policy has not been exhausted, (2) all underlying limits applicable to Scott Homes' liability arising out of the work of American, Labrum, and Paramount have not been exhausted, and (3) the amounts of individual judgments awarded against Scott Homes for the work of Design, Gypsum, Littleton, and Structural I are not covered under the excess policy.

In response, Defendant Silverbell seeks relief pursuant to Federal Rule of Civil Procedure 56(d). Silverbell argues that additional fact discovery is necessary before it can respond to Plaintiff's Motion for Summary Judgment. As a result, Silverbell requests a "realistic opportunity to pursue discovery relating to its theory of the case and defenses."

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56(d),

> **When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> **(1)** defer considering the motion or deny it;
>
> **(2)** allow time to obtain affidavits or declarations or to take discovery; or

**(3)** issue any other appropriate order.

Fed. R. Civ. P. 56(d).

Where "a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56[d] motion fairly freely." *Burlington Northern Santa Fe R&R, Co. v. Assiniboine and Sioux Tribes*, 323 F.3d 767, 773-74 (9th Cir. 2003) (internal citations omitted). The party requesting Rule 56(d) relief must show that: "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home and Fin. Ctr., Inc. v. Fed. Home Loan Mortgage Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) (internal citations omitted). "Failure to comply with these requirements is a proper ground for denying discovery and proceeding to summary judgment." *Id.* (internal quotation and citation omitted).

### III.   ANALYSIS

In its Rule 56(d) Motion, Silverbell claims that it needs the following discovery to respond to Lexington's Motion for Summary Judgment: (1) Plaintiff's underwriting guidelines and underwriting file; (2) depositions of Plaintiff's claims handler and the claims handler's supervisor; and (3) declarations relating to the payment by Evanston under its 2002 Evanston Primary Policy of its policy limits of one million dollars.

In Response, Plaintiff argues that Silverbell's motion should be denied because Silverbell has not set forth, in an affidavit, the specific facts it hopes to elicit from further discovery, Silverbell has not established that such unidentified facts actually exist, and Silverbell fails to explain how the discovery is essential to defeat Plaintiff's pending motion for summary judgment.

In its Reply, Silverbell lists what it deems to be specific facts that it seeks to obtain to respond to Plaintiff's Motion for Summary Judgment. (Doc. 67 at 4-8).

Silverbell has failed to meet the requirements to obtain relief under Rule 56(d). As argued by Plaintiff, Silverbell has not set forth, in an affidavit, the specific facts it

1  hopes to elicit from further discovery, has not established that such unidentified facts
2  actually exist, and has not explained how the discovery is essential to defeat Plaintiff's
3  pending motion for summary judgment.  Moreover, although Silverbell attempts to raise
4  more specific facts in its reply, Silverbell still fails to meet the requirements of 56(d)
5  because (1) such facts are not in the affidavit; (2) a party may not raise new arguments
6  for the first time in its reply brief; and (3) the majority of the categories of facts sought by
7  Silverbell seem to have little relation to the pending Motion for Summary Judgment and
8  appear to be in the nature of a fishing expedition.

9  Nonetheless, the Court will allow Defendant Silverbell an additional 60 days from
10 the date of this Order to respond to Plaintiff's Motion for Summary Judgment.  In that
11 time, it is incumbent on Defendant Silverbell to conduct *targeted* discovery.  Such
12 discovery must not be in the nature of a fishing expedition and any discovery disputes
13 shall be brought to the Court's attention immediately.  All discovery disputes shall be
14 brought as set forth in the Rule 16 Scheduling Order (Doc. 40 at 4).

15 **IV.   CONCLUSION**

16 Based on the foregoing,

17 **IT IS ORDERED** that Defendant/Counterclaimant Silverbell 290 Limited
18 Partnership's Notice of Motion and Rule 56(d) Motion to Continue Lexington Insurance
19 Company's Motion for Summary Judgment (Doc. 58) is granted as follows:

20 **IT IS ORDERED** that Defendant Silverbell may have an additional 60 days from
21 the date of this Order to respond to Plaintiff's Motion for Summary Judgment.  In that
22 time, it is incumbent on Defendant Silverbell to conduct *targeted* discovery.  Such
23 discovery must not be in the nature of a fishing expedition and any discovery disputes
24 shall be brought to the Court's attention immediately.

25 Dated this 6th day of August, 2013.

James A. Teilborg
Senior United States District Judge