WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lexington Insurance Company, | No. CV-12-02119-PHX-JAT |
| Plaintiff/Counterdefendant, | **ORDER** |
| v. | |
| Scott Homes Multifamily Incorporated, et al., | |
| Defendants/Counterclaimants. | |

Pending before the Court is Plaintiff/Counterdefendant Lexington Insurance Company ("Lexington")'s Emergency Motion to Extend the Temporary Stay of Execution on the Judgment (First Request). (Doc. 487). Defendants/Counterclaimants Silverbell 290 L.P. ("Silverbell") and Scott Homes Multifamily, Inc. ("Scott Homes") filed a response. (Doc. 488). The Court now rules on the motion.

**I.  Background**

Lexington requests—on an emergency basis—that the Court extend the 14-day automatic temporary stay of execution on the judgment, which expires Friday, November 13, 2015. (Doc. 487 at 1). Lexington contends that the Court should extend the 14-day temporary stay until the Court disposes of "Lexington's forthcoming post-trial motions" that apparently could impact the calculation of the judgment as currently entered. (*Id.*) Assuming the Court was inclined to deny all of Lexington's yet-to-be-filed motions, Lexington asserts that it will file a notice of appeal and obtain a stay by posting a

supersedeas bond. (*Id.* at 2–3). Therefore, Lexington explains that it needs additional time to: (1) perform an independent calculation of pre-judgment interest due to the Court's "unclear" rulings, (2) secure a supersedeas bond, and (3) obtain judicial approval of the bond before filing a notice of appeal. (*Id.*)

## II.     Legal Standard

This Court has summarized the relevant legal standard as follows:

> Rule 62(b) of the Federal Rules of Civil Procedure allows a federal court to "stay the execution of a judgment" pending disposition of certain post-trial motions. Such a stay can only be granted "[o]n appropriate terms for the opposing party's security." *Id.* An unsecured stay is disfavored under Rule 62(b). *See, e.g.*, *Int'l Wood Processors v. Power Dry, Inc.*, 102 F.R.D. 212, 214 (D. S.C.1984) ("Rule 62, taken in its entirety, indicates a policy against any unsecured stay of execution after the expiration of the time for filing a motion for a new trial." (citing cases)). Nevertheless, while security should be provided "in normal circumstances," a district court in its discretion may grant an unsecured stay in "unusual circumstances," where the granting of such a stay will not "unduly endanger the judgment creditor's interest in ultimate recovery." *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 760–61 (D.C. Cir. 1980) (addressing stay pending appeal pursuant to Rule 62(d)); *see also In re Combined Metals Reduction Co.*, 557 F.2d 179, 193 (9th Cir. 1977) (recognizing district court's discretion to grant unsecured stay under Rule 62(d)).

*In re Apollo Grp., Inc. Sec. Litig.*, 2008 WL 410625, at *1 (D. Ariz. Feb. 13, 2008). The Court also included a footnote that explained:

> Some courts have held that an unsecured stay should only be granted when the judgment debtor demonstrates that providing security is "impossible or impractical." *E.g., Int'l Wood Processors*, 102 F.R.D. at 214; *Gallatin Fuels v. Westchester Fire Ins. Co.*, No. 02–CV–2116, 2006 WL 952203, at *2 (W.D. Pa. 2006); *Frankel v. ICD Holdings S.A.*, 168 F.R.D. 19, 22 (S.D.N.Y. 1996). The Court, however, does not find these authorities persuasive. Such a standard would be more restrictive than the standard applied to unsecured stays pending appeal under Rule 62(d). *Cf. Fed. Prescription*, 636 F.2d at 759 (focusing on the judgment debtor's financial condition as a factor that can weigh in favor of granting an unsecured stay). If anything, due to the greater risk inherent in the longer stay under Rule 62(d), the standard governing the court's discretion in the Rule 62(b) context should be less restrictive.

*Id.* at *1, n.1.

## III. Analysis

Initially, Lexington's motion does not suggest whether it seeks a secured or an unsecured stay of execution of the judgment. *See* (Doc. 487). As nothing is before the Court evidencing Lexington's financial ability or intent to provide a secured stay, the Court assumes Lexington seeks to extend the current stay of execution of the judgment on an unsecured basis.

In this regard, Lexington has not convinced the Court that this case presents "unusual circumstances," nor has Lexington provided any information to show that Defendants/Counterclaimants' interests will be adequately protected in the absence of security. Lexington did not offer the Court any evidence of its financial condition or other evidence showing its ability to pay the judgment pending resolution of its "forthcoming post-trial motions." Moreover, Lexington's assertion that it will file the motions enumerated in Rule 62(b) at some future time possibly makes the present motion premature. Rule 62(b) permits a court to stay the execution of a judgment pending the disposition of motions filed under Rule 50, 52(b), 59, and 60. For Rule 62(b) to apply, however, it is presumed that such motions *have been filed* by the requesting party. Here, there is arguably no basis for the Court to extend the current stay of execution of the judgment pursuant to Rule 62(b) because Lexington has not yet filed any post-trial motions.

Nevertheless, if Lexington wishes to extend the automatic stay of execution of the judgment until the Court disposes of its "forthcoming post-trial motions," the Court will permit it to do so—contingent upon Lexington's provision of adequate security to protect Defendants/Counterclaimants' interests. As to the question of how much security Lexington will be required to provide, this Court has stated:

> The purpose of security under Rule 62(b) is to preserve the status quo pending disposition of post-trial motions. *Int'l Wood Processors*, 102 F.R.D. at 215. Accordingly, courts typically require security in the full amount of the judgment. *Id.* at 215–16 (setting bond at full amount of judgment plus three months' interest); *Gallatin Fuels*, 2006 WL 952203 at

*2 (setting bond at full amount of judgment); *Frankel*, 168 F.R.D. at 22 (setting bond at 110% of amount of judgment).

*In re Apollo Grp., Inc. Sec. Litig.*, 2008 WL 410625, at *2; *see also Fredianelli v. Jenkins*, 2013 WL 5934988, at *1 (N.D. Cal. Nov. 4, 2013) ("Because Rule 62(b) is intended to preserve the status quo while protecting the prevailing party's interest in the judgment, a stay of judgment usually requires a bond. Typically, the amount of the bond will be set in an amount that will permit satisfaction of the judgment in full, together with costs, interest, and damages for delay." (internal quotations omitted)). Consequently, the Court will follow the general rule here and permit Lexington to extend the automatic stay until the Court disposes of its "forthcoming post-trial motions" if it posts a bond in the amount of (1) the judgment ($3,410,000.01 plus pre-judgment interest[1]) plus (2) post-judgment interest at 0.23% for seven months from the date judgment was entered[2] with the Clerk of Court before the current stay expires on Friday, November 13, 2015.

Pursuant to Rule 59, Lexington's post-trial motions must filed by Friday, November 27, 2015. If Lexington posts a bond in the required amount before the current stay expires but does not file any post-trial motions by November 27, 2015, then the bond shall be exonerated and Defendants/Counterclaimants may immediately execute on the judgment, unless Lexington has properly obtained a stay of execution pursuant to Rule 62. The Court warns that no time extensions regarding post-trial motions will be granted.

**IV. Conclusion**

Based on the foregoing,

**IT IS ORDERED** that Lexington's Emergency Motion to Extend the Temporary Stay of Execution on the Judgment (First Request) (Doc. 487) is granted on the condition

---

[1] Lexington complains in its motion that it has been unable to calculate the judgment's pre-judgment interest due to the Court's "unclear" rulings. (Doc. 487 at 3). The Court trusts that its recent clarification dispelled any confusion. *See* (Doc. 489).

[2] This amount is $4,575.00. Yearly post-judgment interest for the judgment amount of $3,410,000.01 is approximately $7,843.00. Thus, interest for seven months is approximately $4,575.00.

- 4 -

1 that Lexington post a bond with the Clerk of Court no later than Friday, November 13,
2 2015 in the amount of (1) $3,410,000.01 plus pre-judgment interest plus (2) post-
3 judgment interest at 0.23% for seven months from the date judgment was entered.
4 However, if Lexington either (1) fails to post the full bond by November 13, 2015 or (2)
5 fails to file its post-trial motions by November 27, 2015, then the stay shall automatically
6 be lifted. If Lexington posts the full bond by November 13, 2015 and files its post-trial
7 motions by November 27, 2015, then the stay shall continue until the Court disposes of
8 Lexington's post-trial motions.

Dated this 10th day of November, 2015.

James A. Teilborg
Senior United States District Judge